Filed 5/23/22  P. v. Whitehead CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JERRY JAYVON WHITEHEAD,<br><br>    Defendant and Appellant. | F082887<br><br>(Fresno Super. Ct. No. F18902213)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Jerry Jayvon Whitehead pleaded no contest to multiple felony offenses and was sentenced to state prison. On direct appeal, we affirmed his convictions and remanded the matter for the trial court to determine whether to exercise its discretion to dismiss the five-year term imposed for the prior serious felony conviction enhancement (Pen. Code, § 667, (a)),[1] and consider an objection to his ability to pay the fines and fees based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). On remand, the court ordered the fines and fees stricken but denied his motion to dismiss the prior serious felony enhancement.

In this appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS[2]

On March 28, 2018, P.G. and T.R. were sitting in P.G.'s parked 2012 Hyundai Sonata. They were confronted by two men who pointed firearms at them. The victims later identified the suspects as defendant Whitehead and his accomplice, Clarence Allen. The victims reported that one man had a semiautomatic firearm, possibly a .40-caliber Glock, and the other man had a long gun with a silencer. The men ordered the victims to get out of the car and leave everything inside. T.R. hesitated and defendant threatened to shoot her in the face. The victims got out and left their belongings inside the car. Defendant and Allen got in and drove away in P.G.'s car.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] On May 9, 2022, this court advised the parties that it was considering taking judicial notice of the records before this court in defendant's prior appeal, *People v. Whitehead* (June 4, 2020, F078793) [nonpub. opn], and a party's failure to object would be considered as the lack of opposition. On May 19, 2022, the People advised this court there was no opposition to judicial notice. Defendant did not file a response. We therefore take judicial notice of said records.

On March 29, 2018, police responded to a dispatch about a car blocking a residential driveway. When the officers arrived, they found Allen and two other people sitting in P.G.'s stolen Hyundai. The victims' personal possessions were still in the car.

Also, on March 29, 2018, officers took defendant into custody after he entered a store and tried to hide a gun among the merchandise, as shown on the store's video surveillance camera. The officers recovered the firearm, which was a Bersa .38-caliber handgun.

The victims separately viewed photographic lineups and identified defendant and Allen as the men who committed the carjacking. (*People v. Whitehead*, June 4, 2020, F078793 [nonpub. opn.].)

## PROCEDURAL BACKGROUND

On August 2, 2018, a first amended information was filed in the Superior Court of Fresno County in case No. F18902213, that charged defendant Whitehead and codefendant Allen with multiple felonies based on the carjacking.

Defendant was charged with count 3, carjacking (§ 215, subd. (a)); count 4, second degree robbery (§ 211); count 6, assault with a firearm (§ 245, subd. (a)(2)); and count 7, criminal threats (§ 422); with firearm enhancements alleged as to counts 3 and 4 (§ 12022.53, subd. (b)) and counts 6 and 7 (§ 12022.5, subd. (a)).

It was further alleged defendant had one prior strike conviction (§ 667, subds. (b)–(i)), one prior serious felony conviction (§ 667, subd. (a)), and one prior prison term enhancement (§ 667.5, subd. (b)), all based on his conviction for carjacking (§ 215) in 2013. (*People v. Whitehead*, *supra*, F078793.)

On April 3, 2018, a complaint was filed against defendant in case No. F18902215, that charged him with five felony firearm offenses committed on March 29, 2018, when he was taken into custody after hiding his gun in the store: count 1, possession of a firearm by a person with a prior violent conviction (§ 29900, subd. (a)); count 2, possession of a firearm by a felon (§ 29800, subd. (a)); count 3, carrying a loaded firearm

3.

in public (§ 25850, subd. (a)); count 4, carrying a concealed firearm (§ 25400, subd. (a)(2)); and count 5, possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)); with one prior strike conviction and one prior prison term enhancement. (*People v. Whitehead*, *supra*, F078793.)

**Defendant's Plea**

On August 2, 2018, the court convened the joint jury trial for defendant Whitehead and codefendant Allen in the carjacking case.

On August 3, 2018, defendant Whitehead withdrew his not guilty pleas, and entered into a negotiated disposition to plead no contest to the charges in both the carjacking and firearm cases, for an indicated aggregate sentence of 26 years four months.

In case No. F18902213, the carjacking case, defendant pleaded no contest to the four charged counts, and admitted the firearm enhancements and the prior conviction allegations, for an indicated sentence of 25 years in prison.

In case No. F18902215, the firearms cases, defendant pleaded no contest to the five charged counts and admitted the prior conviction allegations, for an indicated sentence of one year four months in prison. (*People v. Whitehead*, *supra*, F078793.)

**Sentencing Hearing**

On November 30, 2018, the court sentenced defendant to an aggregate term of 26 years four months in both cases.

In the carjacking case, defendant was sentenced to 25 years in prison as follows: count 3, carjacking, the midterm of five years, doubled to 10 years as the second strike term; a consecutive term of 10 years for the section 12022.53, subdivision (b) firearm enhancement; and a consecutive term of five years for the prior serious felony enhancement. The court stayed the terms imposed for the other counts and allegations pursuant to section 654 and ordered the prior prison term enhancement stricken.

The court recognized it had discretion whether to impose the section 12022.53, subdivision (b) firearm enhancement in the carjacking case, but it had "weighed the facts and the defendant's history, [and] declined to exercise that discretion" because "I don't believe that this is a case where it's appropriate to strike the [section] 12022.53 enhancement."

In the firearms case, the court imposed a consecutive term of eight months (one-third the midterm) doubled to 16 months as the second strike term for count 1, possession of a firearm by a person with a prior violent conviction, and stayed the terms imposed for the other counts pursuant to section 654.

In each case, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and suspended the $300 parole revocation fine (§ 1202.45). The court stated that for the nine counts in both cases, it was imposing the court security fee of $40 per conviction, for a total of $360 (§ 1465.8); and the criminal conviction assessment fee of $30 per conviction, for a total of $270 (Gov. Code, § 70373). The court ordered victim restitution in an amount to be determined (§ 1202.4, subd. (f)).

On February 6, 2019, defendant filed a notice of appeal only as to the carjacking case (No. F18902213). (*People v. Whitehead*, *supra*, F078793.)

**Defendant's Direct Appeal**

As explained above, on appeal we agreed with defendant that remand was required for the trial court to consider whether to exercise its discretion to dismiss the five-year prior serious felony enhancement pursuant to Senate Bill No. 1393's (2017–2018 Reg. Sess.) amendments to section 667, subdivision (a) and section 1385, subdivision (b); and that on remand, defendant could object to the fines and fees pursuant to *Dueñas*. (*People v. Whitehead*, *supra*, F078793.)

**Proceedings on Remand**

On June 7, 2021, the court held the hearing on remand and first addressed whether it should exercise its discretion under section 1385 to dismiss the five-year prior serious

felony enhancement. The court reviewed the record and stated that defendant was sentenced to 25 years, based on the midterm of five years and doubled to 10 years, with a consecutive term of 10 years for the firearm enhancement, and an additional five years for the prior serious felony enhancement, and asked the parties if that was correct. The parties agreed.

The prosecutor argued the court should not dismiss the enhancement because the prior conviction was also for carjacking, it occurred in 2013, and he was sentenced to seven years in prison. The current carjacking offense showed the increased violent nature of his criminal acts because he was armed. "I think the intent of the legislature is clear to extend the punishment to those who continue to commit violent behavior and we believe this defendant falls squarely within that statute."

Defense counsel asked the court to dismiss the enhancement because defendant admitted the offense, he was 23 years old when he committed the crime, and his sentence was already enhanced by the prior strike conviction.

The court asked if it could consider the facts of the current case. The prosecutor replied that the facts of both the current and prior carjacking convictions were relevant. The current offense involved two victims who were unknown to the two defendants, defendants approached the victims while they were in a parked car, both defendants were armed, and they took the victims' car and their possessions.

The court denied defendant's motion to dismiss the prior serious felony enhancement: "Based on the defendant's criminal history and based on the facts in this case, the Court will decline to exercise discretion. It seems like exactly the type of thing that people fear, being in a random armed robbery when people are just minding their own business and they have a gun stuck in their face, demanding their cooperation and their belongings." The court agreed with the prosecutor that the enhancement was "just for this type of situation," and it was not appropriate to dismiss it.

6.

The court then turned to the *Dueñas* issue, and ordered the $300 restitution fine, the $30 criminal conviction assessment, and $40 court security fee would be suspended and "wiped" from the record for the carjacking case.

**Appellate Proceedings**

On June 7, 2021, appellant filed a timely notice of appeal.

On January 7, 2022, appellate counsel requested the trial court to issue an amended and corrected abstract of judgment showing that the fines and fees were stricken.

On the same day, the trial court filed the amended abstract of judgment reflecting that in case No. F18902213, the carjacking case, a restitution fine was not imposed and the parole revocation fine of $300 was suspended; and in case No. F18902215, the firearms case, a restitution fine of $300 was imposed and the parole revocation fine was suspended.

The amended abstract further reflected that for the five counts in the firearms case, the court imposed a total of $200 in court security fees (§ 1465.8), based on $40 for each count; and a total of $150 for the criminal conviction assessments (Gov. Code, § 70373), based on $30 for each count; with victim restitution in both cases in an amount to be determined (§ 1202.4, subd. (f)).

## **DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on February 2, 2022, we invited defendant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

---

[3] "We review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion. No error occurs if the trial court evaluates

7.

**DISPOSITION**

The judgment is affirmed.

---

all relevant circumstances to ensure that the punishment fits the offense and the offender." (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.)  In exercising its discretion, the court may consider the nature of the present and prior offenses, and the nature of the offender.  (*Id*. at p. 587.)  "Section 1385 allows courts to ensure 'that persons are sentenced based on the particular facts of the offense and all the circumstances.  It enables the punishment to fit the crime as well as the perpetrator.' [Citation.]  Where a court chooses to dismiss or strike under section 1385, 'the reason for dismissal must be "that which would motivate a reasonable judge." ' " (*Ibid.*)  The court considered relevant factors when it concluded that dismissal of the enhancement would not be in the interests of justice, and it did not abuse its discretion.